The next case on the argument calendar is going to be Koster v. Wilkinson. We have both counsel here and ready? I think Mr. Goldstein, you're first. Thank you, Your Honors, and good afternoon. My name is Tom Goldstein, and I represent the appellants. The government's bottom line in this case is breathtaking, and I use that phrase advisedly. It asserts that the Appointments Clause and the statute's governing vacancies are effectively unenforceable. Everyone can agree, I think, that our facts at the least test the outer boundaries of the Constitution and the governing statutes. For the first time in American history, the President displaced a Senate-confirmed deputy with a mere employee and did so by overriding an on-point law governing that specific office. But the government says that even assuming those actions egregiously violated both the Appointments Clause and the statutes, the courts are powerless to do anything about it. It argues that any time a designation is challenged, the President can name a successor who merely needs to, quote-unquote, ratify his predecessor's actions. And indeed, given that these challenges are two temporary acting appointments which almost always last just a few months, I think every case will surely become moot during the years it takes to litigate the challenge. And the issue recurs on President Biden's first day. He applied the Whitaker precedent to displace the Senate-confirmed Assistant Attorney General specified under Section 508 and install someone else under the FVRA. I think the two principal issues for the court to confront in the case involve the question of whether we have accepted or challenged the ratification, and if we have challenged it properly, whether the ratification was valid on the one hand, and the second is whether the Voluntary Cessation Doctrine applies so that we have standing with respect to the original enactment of the rule. So with the Court's permission, I'll start with the first. The District Court believed erroneously that we had conceded the validity of the ratification by Attorney General Barr, and I think what happened here was a pleading glitch, if you will, and that is the Court disposed of the case through the government's motion for summary judgment and deemed our motion for summary judgment moot. And it was in those papers, our summary judgment moving papers, that we had challenged the ratification as contrary to the enforcement provision of the Federal Vacancies Reform Act, Section 3348. And on that basis, the Court kind of went off and eliminated a very of course, it's quite important if the action is going to be ratified, if the adoption of the rule is going to be ratified, and we challenge the ratification, that that be adjudicated. Now, with respect to... Can I ask, I mean, because it wasn't just the summary judgment motion, I mean, your complaint does not cite 3348, and it refers to, you know, quote, Mr. Barr's ratification, like as if it's, you know, a ratification that happened, not a purported ratification, and says that it doesn't cure the earlier violation. But there's nothing in your complaint that would suggest that you wanted a declaration that the ratification was invalid, is there? No, I think that it is fair that we do not ask for the remedy of the ratification itself being declared invalid, but we do challenge the rule. I think it, and to be clear, I think it is fair that it would be even simpler and more straightforward if we had added that claim to the complaint. I think that's a perfectly fair criticism. But when it's the case that our pleadings have to be construed in our favor, when it's the case that in the district court we made this precise argument, and when we are challenging the validity of the rule, I think the complaint fairly has to be construed in our favor. We might not be entitled to summary judgment and an ratification, but just in terms of pouring us out of court, I think it goes a step too far, Your Honor. I want to ask a question about remedy. I mean, so I've read the complaint several times and tried to figure out sort of what's there and what isn't. But what is, seems more clear is the remedy and the relief that you're asking for is all, is limited to that period of time between the enactment of the rule and the ratification. I'm sorry. So that's the time period that you're challenging the rule in. And then all the remedy or the relief that you're seeking is perspective-looking, is forward-looking relief. And so we've got a standing problem here in terms of what do we do with that? And then also how does, what do we do with that in terms of how we construe your allegations? Sure. So if I could deal with the standing question, there is an ancillary issue in the There's an ancillary issue in the case, Judge Hunter, here about whether you measure our standing from the time of the initial complaint or instead the operative amended complaint. And this court has not resolved that question. The Tenth Circuit is the case, the court that has dealt with it most directly in Southern Utah wilderness. And I think they correctly recognize that one measures Article III standing from the time the complaint is adopted. It's particularly fair to do that when we are dealing with actions that are kind of moving on the ground. We filed our complaint, the Attorney General Barr comes into office, the rule is ratified. I think it's pretty fair for us to then, not to lose our standing just on the basis that we end up filing an amended complaint. But in terms of the remedy that we seek, I do think the complaint is fairly construed, as you said, prospectively, and that is to say we want the rule declared to be unlawful. And that fairly encompasses a determination that the couldn't have been done more clearly. What I am saying is that particularly in light of the fact that we make this argument quite expressly in the district court, and it is, and I will say that there is one other district court that has faced this issue, and that court gave us leave to amend to add a specific allegation. It would seem not an entirely efficient use of judicial resources to pour us out on this basis, because to be honest, all that's going to happen is that we in the same court making the exact same allegations, because there is no obstacle to us doing that. And so just as a matter of fairly construing our pleadings, and the efficient way of dealing with the case, I would suggest addressing the ratification question. Let me ask you this, if I may. With respect to the challenge specifically to the bump stock rule, if it has been ratified, isn't that the end of the case with respect to that particular rule? No, Your Honor. Principally because of the Federal Vacancies Reform Act, and secondarily because of the voluntary cessation doctrine. No, no. That goes more, I think, to your policy. I'm asking specifically with respect to the bump stock rule and that challenge and that challenge only. No, I understood, Your Honor. Absolutely. Well, if it has been properly ratified, I think that's the end of the story with respect to that rule. Why not? Okay. The first reason is Section 3348 of the Federal Vacancies Reform Act, which is the enforcement provision of the Act. The District Court for the District of Columbia has quite rightly recognized. But that's challenging to the propriety of the ratification. I'm positive. Assuming the ratification is valid, I apologize, Your Honor. Yes, that's my question. Assuming that we get past that. Oh, I understand. Assuming that the ratification is valid. Does that mean that the challenge to the bump stock rule, specifically focusing only on the rule, would that mean that that challenge fails? No, because of the voluntary cessation doctrine. Assuming that we are wrong or we have waived the claim under Section 3348, there remains the fact that we have validly challenged the rule. And if the government voluntarily ceases the policy that we're complaining about, which is the adoption of the rule by an invalidly designated official, then that case can go forward. So that, I think, is our straightforward argument. I'm feeling a little stupid. I don't understand what you mean by voluntary cessation. You've challenged the rule. The rule has been, right now I'm positing, but the rule has been ratified by the Attorney General. Right. It sounds to me as though the rule is now in effect. Isn't that right? Right. I think that misapprehends what we've challenged. We have not challenged the rule in the abstract, and that is we have challenged the adoption of the rule. See, it's not an APA challenge, for example. We have challenged the adoption of the rule by an invalidly appointed official. That's how voluntary cessation would have to work in this context. If we're wrong about that, then every single... I'm causing you a consternation, Judge Fletcher, but I believe that that's the right way of conceiving of it, and that is... But I think you're moving into your general challenge to the policy, rather than challenge to the particular rule, because if it's validly ratified, it's in effect, and that's the end of it for that rule. What am I not getting? I think you're not getting the nature of our challenge, and that is, if we were just challenging the existence of the rule of LNAT, that is, is the rule in place, then I can understand the argument that that ends the challenge. But the application of has to operate in the way that I'm describing, and that is... Voluntary cessation of what? Voluntary cessation of the adoption of the rule by an invalidly appointed official. So now it's a different rule for Appointments Clause purposes. It is now a rule that has been adopted or ratified by an official consistent with the Constitution. And so our point is that if that's not right, then there are no... There are never going to be Appointments Clause challenges, which is the opposite of what the Supreme Court has instructed. Because every single time, on the view that that ends the case, every time you challenge a temporary officer, their successor comes in and waves a flag and says, okay, I agree with everything my predecessor did. That is what voluntary cessation means in this context. That sounds like quite deliberate continuation. That is to say, they keep doing it. They're not ceasing anything. Well, Your Honor, there is an element of voluntary cessation where we have to prove that the government intends to engage in the practice in the future. And that's why I began with the fact that if you looked at who the acting Attorney General is right now, that's the... But then you're sending me over into the question of a broader policy with respect to other rules. Judge Fletcher, I promise, I promise, I promise that I understand the distinction that you're responding to it in a way that I can understand. Okay. Surely, that is my fault. The way we conceive of the operation of voluntary cessation is not that the question is the ultimate act by the official. Here, the adoption of the bump stock rule. Rather, the constitutional violation is the designation of the official, Mr. Whitaker, as an acting Attorney General when he's an employee and contrary to Section 508. That has been voluntarily ceased. That's what our complaint is about. Fundamentally, that's where our rights are violated. Our rights aren't violated. We have standing as a result of the bump stock rule, but that's not the constitutional violation here. And so the way voluntary cessation works is if that official who has been unlawfully designated is then replaced and you eliminate standing through that mechanism, that doesn't end your case. And the way I think to conceive of this is just to ask if the government is right and if your the government to end the temporary appointees practices and eliminate every single appointments clause challenge and every single federal voting rights, the Vacancies Act case. And it will, because all that will happen is that every time, because it's a temporary official, when their permanent successor comes into office, they will wave their hand and say, everything that my predecessor did, I now embrace. I have ratified. That's the entire purpose of the is true, then you will never have any of these cases adjudicated despite there being structural consequences. Normally when we talk about voluntary cessation, you're talking about the government writ large, but normally the doctrine is that the defendant ceases the challenged conduct. And here the defendant was the acting attorney general, but the people who ceased the practice of having this person appointed in this manner, what was not the defendant, it was the president and the Senate by nominating and confirming somebody else. So why is it appropriate for us to think of that conduct as voluntary cessation within the meaning of the doctrine? A couple of reasons. The first is we do disagree with your conception of how it's ordinarily described. Maybe it's how it's ordinarily described, but when the court actually confronted that question in the Demery case, it came out the opposite way. And it said, despite the fact that what was ceased there was the operation of a website by a third party, the fact that the individual that was responsible for the constitutional violation intended to keep doing it was sufficient to trigger voluntary cessation. And that's true here, both president Trump and then president Biden have used this same policy. The second is, I think the way you would resolve that is to actually just get back to the root question of why do we have this doctrine and why would we have it in the context of appointments clause challenges? And if what we say is every time a temporary employee or a temporarily designated officer here, the attorney general of the United States is replaced by a permanent person, then all the appointments clause challenges to the individual who is temporarily appointed are thereby mooted. Then we have come up with a rule that causes all of the problems that voluntary cessation doctrine was intended to eliminate. In addition, I would say the fundamental actor here is the president of the United States. That's the person who designated the Mr. Whitaker temporarily. And then the president named a successor. And according to the government, the president could just seriatim name successive acting officials and end all of these cases. It's true that we sued the United States, but that's a matter of pleading and how litigation goes and the doctrines relating to the immunity of the president from litigation. It has nothing to do with the fundamental point that we are suing the government and the government has ended this practice. So I do think that. But it doesn't sound as the government's ended the practice at all. And that's your problem. You're worried they're going to keep doing it. It is a question of what the practice is. We are complaining about one thing as a constitutional matter. That is, it is ended the temporary designation of an employee as the acting attorney general of the United States. It is true that the ultimate act that gives rise to standing, which is not the constitutional violation here, is what the acting official did has been ratified. And our view is if you allow that to negate the voluntary cessation doctrine, then the doctrine has no meaning whatsoever. And every single point. I apologize for my stupidity. You keep saying cessation. But as I understand what you're objecting to, it's the continuing and repeated practice of appointing these temporary officials. It's not that it's ceasing, it's that it's continuing. It ceased with respect to Mr. Whitaker is our point. Mr. Whitaker was replaced by a duly confirmed attorney general. The government. I understand that. That's the narrative of this case, right? That's the cessation that we are talking about. We do make the point with respect. But but once once that but once it's reframed that way, this is not a challenge to the bump stock rule at all. This is a challenge to the practice. This goes back to the original standing question. It is, I think, a challenge to Mr. Whitaker's appointment. We had standing as a result of the bump stock rule. They say that we lost that standing when Mr. Whitaker was replaced by a duly confirmed attorney general. We do have the policy related argument, and I would say that the government says in the district court agreed that there was this implausible set of seven steps that would have to occur. All I will tell you is that the first five are happening today. One of President Biden's very first acts was to do exactly what we complain about here, and that is there was an acting assistant. There was an assistant confirmed attorney general for national security under Section 508, who was the designated acting attorney general. He became the acting attorney general when the deputy attorney general resigned when President Biden became president. President Biden removed him and replaced him with someone I regard as an employee, but certainly is not Senate confirmed. And so I think what we would ask is for the court to take a pragmatic view of how these doctrines operate, and the court is possible to litigate these challenges. Is there any way that someone is going to be able to resolve these critically important constitutional and statutory concerns, or are they going to be effectively political questions, even though they don't satisfy the political question doctrine? We think it has to be the case that one can litigate these issues. If I could reserve the remainder of my time so as to not unduly take it up. Thank you. You're reserved. We should now hear from, is it Mr. Henshelwood? Yes, Your Honor. Thank you. Good afternoon, Your Honors, and may it please the court, Brad Henshelwood for the government. I think it's important to step back, and I think the court's questions have done a good job of shedding some light on the way this case has actually played out. The way plaintiffs could have tried to litigate their appointments clause and FVRA challenges would have been to actually challenge the ratification in district court, which they failed to do. As the court's already pointed out, the mention of the ratification, at least in terms of challenging it, and then the only reference plaintiffs made where they say they made this argument was in the reply in support of their motion for summary judgment. So not as part of their motion for summary judgment where it would have been an essential element of any claim that the rule should be set aside or wasn't valid. They waited until the reply, and instead of advancing that argument where they should have, they advanced this voluntary cessation argument, which assumes the validity of the ratification. And so when the district court says plaintiffs concede the ratification is valid, all the district judge was doing was reading the papers that have been submitted to her and following the logical threads of those arguments. So the fact that plaintiffs have now sort of tried to reformulate into a fourth complaint their appellate brief is not a basis to reach the ratification arguments. Of course, happy to address them to the extent the court has questions, but those arguments are plainly forfeited for purposes of this case. And then as to plaintiffs' more general challenge to the policy, plaintiffs make no mention of the governing standard, which is they would need to show a certainly impending or imminent injury from this purported policy of non-compliance with the FVRA, and they've simply failed to do that. They haven't even tried to demonstrate that kind of injury or even acknowledge that that's the governing standard. So when you actually step back and look at the claims that they brought, part of the problem here, the reason they aren't being litigated, is that the claims, A, they like standing to bring them, and B, that they failed to bring, you know, arguments that were available to them if they really wanted to make those sorts of claims. What do you say to the point that, I mean, you set out in your brief the whole chain of events that would have to arise or that would have to occur for something like this to arise again, and a lot of them have already happened. Do you agree with your friend Mr. Goldstein's description of the current acting attorney general is in essentially the same position as Mr. Whitaker for FVRA purposes? I believe that's correct, Your Honor, but all I would point out is that, yes, even if some steps in that chain of we're still in a position where plaintiffs have to speculate about whether the acting attorney general will issue any regulation bearing on guns in any way and whether that regulation would harm them in any way, and plaintiffs can't seriously contend at this point that they face any certainly impending or imminent harm from those further steps occurring. So even if we've come relatively far down the road of contingencies, we're still left in a position where we're guessing about whether or not these plaintiffs will ever be injured again by an acting official, including the current acting official, with respect to these particular, to the harms that they've actually asserted in this case. So I don't think that fundamentally alters. If anything, it just underscores how speculative this chain of events really is to come this far and still be in this degree of doubt. If the question of ratification is properly before us, I understand you want to say that it's not. It's a perfectly plausible argument based on the narrative here, but if the question of the propriety or permissibility, legality of the ratification is in front of us, what does that do to the standing question? Seems to me that they then very much have standing to all kinds of things, particularly standing with respect to the Bumstock Rule, and that gets you to, gets them to most of the questions that they want to address in this case, I think. You're right. I think they'd be right if you are willing to read their complaint in the way that they now want you to read it. So as some of the questions earlier were pointing out, the complaint itself talks about this period in between the issuance of the rule and its ratification and seeks sort of declarations related to that past injury of not being able to alienate Bumstocks in the period between December and March when the rule, you know, between its promulgation and so what we've said is, well, you can't get prospective relief for a purely past injury of that type, and that's the only injury you've actually pled in the complaint. They didn't ask, for example, to set the rule aside going forward or anything of that nature. Now, and the district court agreed with that, and plaintiffs frankly haven't even tried to salvage that aspect of their claim. If you go back and look at, you know, the harm that they articulated in district court, they talked about the loss of property, their inability to alienate in that period, and they really haven't tried to press that on appeal. They've instead tried to pivot to this new argument about the ratification. So I think I take your point. If you get to the ratification question and you conclude the ratification is invalid, then you would reach the merits. But in order to do that, you would have to, I think, do some creative reading, frankly, of plaintiff's complaint. I'll turn just for... I want to jump in here. I mean, I guess, why isn't Mr. Goldstein right that if ratification works, then you never get an appointments clause claim, and how can that be right? Well, I think that's overstating things quite a bit. I mean, as a practical matter, vacancies can persist for a substantial period of time, and even in circumstances where an official could ratify a particular action, they might choose not to. I think you may well see situations where a subsequent official in an office may decide not to ratify a particular action, may decide to go a different course, or may make the judgment that they don't want to engage in that sort of step. So there very well may be situations where these questions get litigated. And I think this also takes us back to the underlying point about ratification in the circumstance, which is ratification isn't fundamentally about mootness. Ratification operates generally on the merits. It's a recognition that whatever taint previously existed has been purged, right? So as the D.C. Circuit sort of explained in the Guettis case in rejecting exactly this kind of argument, ratification generally is understood not to moot a case or to engage in that kind of... but actually to operate as resolving the claim on the merits, which is precisely why, and I think related to some of the questions earlier, if plaintiffs were to prevail and say, well, this rule was improperly issued, it would avail them precisely nothing, right? The rule will remain in place. The only basis they have, the only future injury that they can possibly assert is that they want to have a bump stock in the future and can't. But of course, that's going to be true whether they prevail in this case or not. They will still not be able to own a bump stock because the ratification would be valid on that theory, right? The sort of voluntary cessation theory, which is precisely why voluntary cessation just isn't a doctrine that's applied in this particular context. And then that's even before you get into sort of the substantive problems with pressing a voluntary cessation theory here, which is, of course, the interaction of other officials in this process, the Senate's role in the process, etc. Even before you get there, the ratification is operating at an earlier step. It's operating on the merits itself rather than to moot a claim. Your Honors, if there are no further questions, I'm happy to move on. Mr. Goldstein, you've saved a little time. The government seems to have given you quite a bit back. Why don't we put four minutes on the clock and see if you can persuade us of something? Thank you, Your Honor. The first thing I would note is that the voluntary cessation doctrine has been applied in this context in a decision that the government doesn't address that's in our briefs. It's the Conservation Foundation decision from the First Circuit. I would encourage the Court to look at the procedural violation in that case where the government went back and did notice and comment rulemaking after the Objected to Rule. And the First Circuit said you can't get out of challenges in that way by simply going through the process again. Otherwise, the challenges could never be litigated. And Judge Hunsaker, I think that the answer to your question that you actually got, how can these claims ever be litigated, honestly, was they cannot. Because the great bulk of my friend's time was spent saying, well, look, we ratified the thing. These people are always going to be subject to the bump stock rule. Nobody can bring a claim. That's exactly our point. I do think this comes down to the question of whether the Court is going to say, look, we recognize that the plaintiffs made this express argument under this express statute, Section 3348, challenging the ratification. And it was fully briefed here. But despite that fact, we are going to say that it is out of the case, that it was something that had to be pleaded as a cause of action, the only upshot of which is going to be to cause us to go file a new complaint. And we think that that is, and I don't understand the government's argument to the contrary, just a wildly inefficient course of events. When the Court itself has the authority, if it wanted to, to simply allow us to amend the any of this is, why it is that... Let me go at it this way. It strikes me, and I may be missing something, that rather than voluntary sensation as an exception to mootness, you're really after capable of repetition yet evading review. That is to say, practices that are in their nature very short term, and by the time you get to court, the thing is over. And maybe the action that you might have objected to has been ratified. Are we really not capable of repetition yet evading review? We do make that argument, Your Honor. The reason that I focus on that voluntary cessation, and I understand its applicability. The reason that I focus on voluntary cessation is it puts the shoe on the other foot. And that is the government in ceasing the practice here, in removing Mr. Whitaker as the acting official, has the burden of proving that it is implausible that this course of events will never occur. And given what President Biden did, he can't possibly meet that standard. They don't argue that they can. No, I get that. Help me out in terms of how is your client hurt by this general practice? I understand how your client's hurt with respect to the bump stop rule, but how is your client hurt with respect to this general practice? The client is hurt with respect to the general practice in the same way that anyone challenging a temporary official is, and that is through the prospect that your client, your client, not just some general person out there in the public, but your client will be, is there any likelihood that your client will be adversely affected? If you say any likelihood, then yes, because the acting attorney, in the sense that will ever be true under the voluntary cessation doctrine in a case challenging acting officials, and that is if one applies that standard with extraordinary rigor, then the answer is no. Okay, I cannot prove to you that the acting attorney general right now is about to adopt a firearms regulation that will affect my client, but no one will ever satisfy that standard if that is the rule. What we do have to prove, I think, is that it is likely that the appointments clause violation will happen again. We're the person who has authority to adopt these regulations, and that happened. It's not hypothetical at all. Please go ahead. I mean, I think this is one of the trickiest parts of this case. If that's true, if your reasoning is true, then it doesn't matter who the plaintiff is, right? It could be any person in the country who says, you know, I think this is unconstitutional, and, you know, I'm offended by the violation of separation of powers. No, that's not how the doctrine works. I understand the point, because the person invoking voluntary cessation or capable of repetition yet evading review has to have been a victim of the initial injury. The doctrine requires them in the first place to have been hurt, so he can't just be anyone with a generalized grievance. It's a way of protecting the jurisdiction of the courts so that it isn't evaded by the executive branch, which is avowedly what's going on here. Remember, the executive branch tried to get Mr. Whitaker to sign nothing at all, and then Mr. Barr frankly stated on the record that he was ratifying the challenges to the Whitaker appointments. But the Supreme Court cases are full of capable of repetition yet evading review doctrine, where they say, but it should be capable of repetition yet evading review with respect to this particular plaintiff. That's right, I understand that. Of course, the voluntary cessation cases are even more, or at least as numerous, I should say, and I think on our side, but with respect to voluntary cessation, what you have to focus on, is the constitutional violation. That's what has to be capable of recurring in particular. If you apply that rule to require not merely that the constitutional violation, the unlawful appointment is required, but that I can predict to you that there'll be another official that will adopt another rule affecting these particular people, then the doctrine is meaningless. Then I think everyone agreed that it can never apply, and the courts will never have jurisdiction. Well, you know, it seems to me that there could be some jurisdiction, you could do this if you want a damage suit, which seems now not to be what you've got. That is to say, if someone is complaining that during dependency of this rule before it was ratified, that he or she was prevented from selling or whatever it is. I mean, it's basically the Lyons case, where Mr. Lyons is subjected to the chokehold, he has a damage suit, but he doesn't get any injunction. Now, is it not possible to have some sort of a damage suit coming out of this? Or is the sovereign immunity of the United States such that you're always foreclosed from that? Yes, that's what we went through this. We thought very, very hard about that, unfortunately. So it's the sovereign immunity problem that prevents you from having some retroactive remedy. Yes. Yeah. We are not playing games. We are not just out here. All we want to do... No, you're trying to construct a lawsuit that works, and I'm having trouble seeing that you've done so. Well, Your Honor, if we haven't done so, I think you'll find a hard time finding that anyone could do so. And that, I think, is the fundamental problem with the government's position. It is not unique to us, right? The question is, can the government end every functional lawsuit? That's what the doctrines are intended to prevent. So I take your point about a damage suit, but I hope you'll take my point that if that's not possible, then I really do am making an important point, and that is that the government shouldn't be able to immunize itself, the executive branch, when the challenge is fundamentally to the executive branch's appointments practices of evading judicial review of that question. Okay. Thank you, Your Honor. Any further questions on the bench? Okay. Thank you very much. Thank both of you for your arguments. We now have Custer versus Wilkinson submitted for decision.
judges: W. Fletcher, Miller, Hunsaker